[Cite as *State v. Richard-Bey*, 2011-Ohio-3676.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2010-0051 |
| B.J. ELDER RICHARD-BEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County Court
                                 of Common Pleas, Case No. CR2004-
                                 0119A


JUDGMENT:                        AFFIRMED



DATE OF JUDGMENT ENTRY:          July 19, 2011



APPEARANCES:

For Appellant:                          For Appellee:

ROBERT D. ESSEX                         D. MICHAEL HADDOX
1654 East Broad St.                     MUSKINGUM COUNTY PROSECUTOR
Suite 302
Columbus, OH 43203                      ROBERT L. SMITH
                                        27 N. 5th St.
                                        Zanesville, OH 43701

*Delaney, J.*

{¶1}   Defendant-Appellant B.J. Elder Richard-Bey appeals the September 7, 2010 resentencing judgment entry of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2}   On May 13, 2004, Appellant was indicted by the Muskingum County Grand Jury upon one count of Aggravated Robbery with a firearm specification, in violation of R.C. 2911.01(A)(1), a felony of the first degree; one count of Theft, in violation of R.C. 2913.02(A)(4), a misdemeanor of the first degree; one count of Robbery, in violation of R.C. 2911.02(A)(1), a felony of the second degree; one count of Theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; and one count of Having a Weapon While Under Disability, in violation of R.C. 2923.13(A)(2), a felony of the fifth degree.

{¶3}   Appellant appeared before the Muskingum County Court of Common Pleas on July 16, 2004 and withdrew his former pleas of not guilty and entered pleas of guilty to all counts in the indictment.  In exchange for Appellant's plea, the State agreed to recommend that Appellant receive an aggregate prison term of eight years.  The plea form signed by Appellant indicated that Appellant would be subject to mandatory postrelease control of five years.  The trial court ordered a pre-sentence investigation before sentencing.

---

[1] A statement of the facts is unnecessary for the disposition of this appeal.

{¶4}   On August 16, 2004, the trial court sentenced Appellant.  The trial court sentenced Appellant to an aggregate prison term of eight years.  During the sentencing hearing, the trial court informed Appellant that he would be placed on a mandatory period of postrelease control for five years.  The trial court's sentencing entry, however, stated that the postrelease control was mandatory in the case up to a maximum of five years.

{¶5}   On August 6, 2010, Appellant filed a Motion for De Novo Sentencing.

{¶6}   Appellant came before the trial court for resentencing.  Appellant asserted that he should be permitted to withdraw his plea and proceed to trial.  The trial court limited the scope of the hearing to re-sentencing for postrelease control purposes.  On September 7, 2010, the trial court issued a sentencing entry where the trial court stated that it notified Appellant that postrelease control in this case is mandatory for five years.

{¶7}   It is from this decision Appellant now appeals.

{¶8}   Appellant raises one Assignment of Error:

{¶9}   "I. THE TRIAL COURT ERRED IN RE-IMPOSING A PERIOD OF POST RELEASE CONTROL AND FAILED TO CONDUCT A PROPER RE-SENTENCING HEARING.   THIS REVIEW IS REQUESTED PURSUANT TO *ANDERS V. CALIFORNIA* (1967), 367 U.S. 738.

{¶10} Appellant argues the trial court erred in failing to conduct a de novo sentencing hearing.  We disagree.

{¶11} This Court recently examined a similar issue regarding a defendant's motion to withdraw a guilty plea prior to a resentencing on postrelease control in *State v. Bennett*, Stark App. 2010CA00200, 2010-Ohio-2236.  In affirming the trial court's

denial of the defendant's motion to withdraw his guilty plea, we relied upon the recent Ohio Supreme Court case of *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332.  We stated:

{¶12}  "In *Fischer,* the Court stated:

{¶13}  "'We similarly hold that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside.  (Footnote omitted.)  Neither the Constitution nor common sense commands anything more.'

{¶14}  "'This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving postrelease control, including *Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961.  Thus, we reaffirm the portion of the syllabus in *Bezak* that states '[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void,' but with the added proviso that only the offending portion of the sentence is subject to review and correction.'

{¶15}  "'However, we now modify the second sentence in the *Bezak* syllabus as ill-considered.  That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly.  114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961.  It does not recognize a principle that we overlooked in *Bezak:* when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.'

{¶16} "'Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control. In so holding, we come more into line with legislative provisions concerning appellate review of criminal sentences.'

{¶17} "Accordingly, we find Appellant's convictions and the remainder of Appellant's original sentence remained valid, and Appellant's motion to withdraw plea is properly addressed as a post-sentence motion.

{¶18} "Ohio Criminal Rule 32.1 governs motions to withdraw pleas, and reads:

{¶19} "'A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.'

{¶20} "Appellant has not demonstrated, nor does the record reflect, a manifest injustice resulted from the trial court's denial of Appellant's motion to withdraw his guilty plea. Accordingly, Appellant's sole assignment of error is overruled."

{¶21} Based upon *Fischer*, supra and *Bennett*, supra we hereby overrule Appellant's sole assignment of error. *Fischer* established that the trial court is not required to conduct a de novo sentencing hearing, but only a hearing limited to the proper imposition of postrelease control. Further, as in the *Bennett* case, the record in the present case does not show that a manifest injustice resulted from the trial court's implicit denial of Appellant's oral motion to withdraw his guilty plea.

{¶22} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE

[Cite as *State v. Richard-Bey*, 2011-Ohio-3676.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
                                        :
                Plaintiff-Appellee      :
                                        :
-vs-                                    :        JUDGMENT ENTRY
                                        :
B.J. ELDER RICHARD-BEY                  :
                                        :
                                        :        Case No. CT2010-0051
                Defendant-Appellant     :


    For the reasons stated in our accompanying Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE