[Cite as *State v. Richard-Bey*, 2014-Ohio-2923.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case Nos.    CT2014-0012 |
| B.J. ELDER RICHARD-BEY | : |                     CT2014-0013 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeals from the Court of Common
                                                            Pleas, Case Nos. CR2004-119A &
                                                            CR2013-0037

JUDGMENT:                                        Case No. CT2014-0012: Reversed
                                                            Case No. CT2014-0013: Dismissed
                                                            as Moot

DATE OF JUDGMENT:                          June 27, 2014

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

RON WELCH                                          B.J. ELDER RICHARD-BEY
27 North Fifth Street                               N.C.I. E-1 E-81
Zanesville, OH  43701                            15708 McConnelsville Road
                                                            Caldwell, OH  43724

*Farmer, J.*

{¶1}   On July 16, 2004, appellant, B.J. Elder Richard-Bey, pled guilty to one count of aggravated robbery in violation of R.C. 2911.01, one count of robbery in violation of R.C. 2911.02, two counts of theft in violation of R.C. 2913.02, and one count of having a weapon while under a disability in violation of R.C. 2923.13 (Case No. CR2004-119A).  By entry filed August 20, 2004, the trial court sentenced appellant to an aggregate term of eight years in prison, and notified him of mandatory post-release control for *up to* five years.

{¶2}   On August 30, 2010, appellant was resentenced to address the sole issue of post-release control pursuant to *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462.  Appellant was again sentenced to an aggregate term of eight years in prison, and notified of mandatory post-release control *for* five years.  The entry was filed on September 7, 2010.  The resentencing was affirmed on appeal.  *State v. Richard-Bey,* 5th Dist. Muskingum No. CT2010-0051, 2011-Ohio-3676.

{¶3}   On April 29, 2013, appellant pled guilty to one count of having a weapon while under a disability in violation of R.C. 2923.13 (Case No. CR2013-0037).  By sentencing entry filed May 21, 2013, the trial court sentenced appellant to thirty months in prison.  The trial court also terminated appellant's post-release control in Case No. CR2004-119A, and ordered the remaining time be imposed and served consecutively to the thirty month sentence.

{¶4}   On December 26, 2013, appellant filed a petition for postconviction relief in both cases, seeking relief from sentencing.  On January 13, 2014, appellant filed a motion for vacation of void post release control violation in Case No. CR2013-0037,

claiming the balance of his post release control imposed in said case was an error because it was a nullity in Case No. CR2004-119A. By journal entries filed January 30, 2014, the trial court denied the petition and the motion.

{¶5} Appellant filed an appeal on the trial court's denial of his motion (Case No. CT2014-0012). Thereafter, appellant filed an appeal on the trial court's denial of his petition (Case No. CT2014-0013). Appellant also filed notices that no transcripts were required. This matter is now before this court for consideration.

{¶6} Assignments of error in Case No. CT2004-0012 are as follows:

I

{¶7} "THE TRIAL COURT LACKED JURISDICTION TO IMPOSE THE REMAIDER (SIC) OF DEFENDANTS VOID POST RELEASE CONTROL SACNTIONIN (SIC) CASE NO:."

II

{¶8} "THE TRIAL COURT ERRED WHEN IT MADE FINDINGS IN THE JOURNAL ENTRY NOT REFLECTED IN THE SENTENCING HEARING AND THUS IMPROPERLY SENTENCED APPELLANT WITHOUT HIM BEING PRESENT IN VIOLATION OF CRIMINAL RULE 43."

{¶9} Assignments of error in Case No. CT2004-0013 are as follows:

I

{¶10} "THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS WHEN IT DENIED AND THEREBY PREJUDICED HIM, HIS TIMELY FILED POSTCONVICTION MOTION WITHOUT A HEARING AND WITHOUT STATING ANY FINDINGS OF FACTS OR CONCLUSIONS OF LAW."

II

{¶11}  "THE TRIAL COURT ERRED TO THE HARM AND PREJUDICE OF THE APPELLANT, AND THEREBY VIOLATED HIS DUE PROCESS RIGHTS WHEN IT DENIED HIS POSTCONVICTION MOTION, AS IT DID SET FORTH PROPER GROUNDS FOR THE RELIEF SOUGHT FOR THE VOID SENTENCE SO IMPOSED, AND VIOLATIONS OF CONSTITUTIONAL RIGHTS IN NOT HONORING AN ACCEPTED PROMISE/PLEA AGREEMENT."

{¶12}  Preliminarily, we note these cases come to us on the accelerated calendar.  App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part the following:

**(E) Determination and judgment on appeal**

The appeal will be determined as provided by App. R. 11.1.  It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶13}  One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158 (10th Dist.1983).

{¶14} This appeal shall be considered in accordance with the aforementioned rules.

{¶15} Appellant claims the trial court erred in imposing the remainder of his post-release control from his 2004 conviction because the 2004 sentencing entry was void and therefore the trial court lacked jurisdiction. Appellant claims the trial court failed to notify him of the consequences of violating post-release control. In addition, appellant claims the trial court erred in denying his petition for postconviction relief without holding a hearing.

{¶16} In sentencing appellant in Case No. CR2013-0037, the trial court stated in its sentencing entry filed May 21, 2013 the following:

> **IT IS, THEREFORE, ORDERED** that the defendant serve a prison term of thirty (30) months. The defendant shall receive credit for time served and shall pay the costs of this action.
>
> The Court further notified the Defendant that **"Post Release Control"** is *optional* in this case **for up to three years**, as well as the consequences for violating conditions of post release control imposed by the Parole Board under revised Code §2967.28. The defendant is ordered to serve as part of this sentence any term for violation of that post-release control.
>
> *The Court further finds that the defendant is currently on post release control in Muskingum County Common Pleas Court case number CR2004-119A. This Court finds the defendant is no longer amenable to*

> *Post Release Control and, pursuant to ORC §2929.141, terminates the*
> *same and ORDERS the remainder of the time remaining on post release*
> *control be imposed and shall be served consecutively to the thirty (30)*
> *month aggregate prison term imposed in the instant case.*

{¶17} The 2004 sentencing entry in Case No. CR2004-119A was corrected on August 30, 2010 to address the sole issue of post-release control pursuant to *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462. The entry was filed on September 7, 2010. The entry notified appellant that post-release control was mandatory *for* five years. However, the entry was silent as to the consequences of violating post-release control. Appellant was not "informed that if he violated his supervision or a condition of postrelease control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed" pursuant to R.C. 2929.19(B)(3)(e) [now R.C. 2929.19(B)(2)(e)]. *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 77 (reviewing a nunc pro tunc entry) (decided five days before appellant's resentencing). "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus. *See also, State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144.

{¶18} Appellant finished serving his sentence in Case No. CR2004-119A. Because the trial court did not properly impose post-release control in its September 7, 2010 entry, the trial court cannot terminate appellant's post-release control in Case No.

CR2004-119A and order the remaining time be imposed and served consecutively to the thirty month sentence in Case No. CR2013-0037.

{¶19} Upon review, we find the trial court erred in denying appellant's motion for vacation of void post release control violation.

{¶20} The assignments of error in Case No. CT2014-0012 are granted. The assignments of error in Case No. CT2014-0013 relating to the petition for postconviction relief which was based on the issues presented in appellant's motion for vacation of void post release control violation are moot.

{¶21} We note only the portion in the May 21, 2013 sentencing entry dealing with the imposition of the remaining time of post-release control from Case No. CR2004-119A is reversed. The rest of the sentence is left intact.

{¶22} The judgment of the Court of Common Pleas of Muskingum County, Ohio in Case No. CT2014-0012 is reversed. Case No. CT2014-0013 is dismissed as moot.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 610