[Cite as *State v. Kepler*, 2015-Ohio-3291.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2015-0021 |
| TROY G. KEPLER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
2013-0225

JUDGMENT:      Reversed

DATE OF JUDGMENT ENTRY:      August 14, 2015

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                    KATHERINE R. ROSS-KINZIE
PROSECUTING ATTORNEY           250 East Broad Street, Ste. 1400
BY: GERALD V. ANDERSON II        Columbus, OH  43215
ASSIST. PROSECUTING ATTORNEY
27 North Fifth Street
Box 189
Zanesville, OH 43702-0189

*Gwin, P.J.*

{¶1} Appellant Troy G. Kepler appeals the April 3, 2015 judgment entry of the Muskingum County Court of Common Pleas denying his motion to vacate sentence. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On August 1, 2011, appellant entered a negotiated plea to two counts of Failure to Register as a Sexual Offender, felonies of the fourth degree, in violation of R.C. 2950.05(A) and R.C. 2950.06(A) in the Muskingum County Court of Common Pleas, Case No. CR2011-0064. Appellant was sentenced to a total of two years incarceration.

{¶3} At the plea and sentencing hearing on August 1, 2011, appellant was informed he could be placed on post-release control for up to three years, that he would be required to follow certain rules and regulations, and that if he failed to follow them he could be sent back to prison for up to nine months for each violation with the total amount of time being up to half his original prison sentence. The trial court also issued a sentencing entry on August 2, 2011.

{¶4} Appellant did not appeal or otherwise challenge his conviction and sentence. Appellant completed his prison sentence with regards to Case Number CR2011-0064 on June 9, 2013 and was placed on post-release control for one year. While on post-release control from the 2011 case, appellant was indicted with one count of Failure to Register as a Sexual Offender, a felony of the third degree, in violation of R.C. 2950.05(A). On December 16, 2013, in Case Number CR2013-0225, the trial court sentenced appellant to one year of incarceration on the 2013 case. Further, since

appellant was on post-release control for the 2011 case at the time of the 2013 offense, the trial court terminated the post-release control of the 2011 case and ordered appellant to serve a stated prison term of one (1) year, consecutive to the sentence in the 2013 case, for the violation of the 2011 post-release control. Appellant completed his one year prison term for the 2013 case and is currently incarcerated solely on the one year sentence for the violation of the 2011 post-release control.

{¶5} On March 25, 2015, appellant filed a motion to vacate judicial sanction sentence. Appellant argued that the judgment entry in Case No. CR2011-0064 failed to include the consequences of violating post-release control and failed to notify appellant that he faced a prison term of up to half his original sentence if he violated post-release control. Appellee filed a memorandum contra on April 1, 2015. The trial court issued a judgment entry on April 3, 2015 denying appellant's motion to vacate sentence.

{¶6} Appellant appeals from the April 3, 2015 judgment and assigns the following as error:

{¶7} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED TROY KEPLER'S MOTION TO VACATE HIS JUDICIAL-SANCTION SENTENCE."

I.

{¶8} Preliminarily, we note this case comes to this Court on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶9} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

{¶10} This appeal shall be considered in accordance with the aforementioned rules.

{¶11} In his sole assignment of error, appellant claims the trial court erred in denying his motion to vacate because the 2011 sentencing entry was void. Appellant argues the trial court failed to notify him of the consequences of violating post-release control.

{¶12} In sentencing appellant in Case No. CR2011-0064, the trial court stated in its sentencing entry filed August 2, 2011 the following with regards to post-release control:

The Court further notified the Defendant that "**Post Release Control**" is **optional** in this case for **up to three (03) years** as well as the consequences for violating conditions of post release control imposed by Parole Board under Revised Code §2967.28. The Defendant is ordered to serve as part of this sentence any term for violation of that post release control.

{¶13} In *State v. Richard-Bey*, 5th Dist Muskingum Nos. CR2004-119A & CR2013-0037, 2014-Ohio-2923, this Court considered whether similar language as is used in the sentencing entry in CR2011-0064 regarding post-release control rendered the appellant's post-release control void. We noted that while the sentencing entry properly notified the appellant of the correct term of post-release control, it was "silent as to the consequences of post-release control." *Id.*

{¶14} This Court determined in *Richard-Bey* that the trial court erred in denying the appellant's motion to vacate void post-release control violations because, "[a]ppellant was not informed that if he violated his supervision or a condition of post-release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed pursuant to R.C. 2929.19(B)(3)(e) [now R.C. 2929.19(B)(2)(e)]." *Id.*, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9. We further stated that, "[a] sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.,* quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.3d 332.

{¶15} Based upon our decision in *State v. Richard-Bey*, we find the trial court erred in denying appellant's motion to vacate in the instant case. In this case, like in *Richard-Bey*, while the sentencing entry properly notified appellant of the correct term of post-release control, appellant was not informed that if he violated his supervision or a condition of post-release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed pursuant to R.C. 2929.19.

Further, appellant has finished his sentence in Case No. CR2011-0064.  Because the trial court did not properly impose post-release control in its August 2, 2011 entry, the trial court cannot terminate appellant's 2011 post-release control in Case No. CR2013-0225 and order the remaining time be imposed.

{¶16}  Appellant's assignment of error is sustained.  The portion of the December 16, 2013 sentencing entry of the Muskingum County Court of Common Pleas dealing with the imposition of the remaining time of post-release control from Case No. 2011-0064 is reversed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur