[Cite as *State v. Milem*, 2014-Ohio-5804.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY**

STATE OF OHIO                                    :
                                                 :          Appellate Case No. 2013-CA-103
         Plaintiff-Appellee                      :
                                                 :          Trial Court Case No. 2011-CR-349
v.                                               :
                                                 :
CHRIS MILEM                                      :          (Criminal Appeal from
                                                 :           Common Pleas Court)
         Defendant-Appellant          :
                                                 :
                                   . . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of December, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. #0091678, Clark County Prosecutor's Office, 50 East
Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. #0066964, 2372 Lakeview Drive, Suite H, Beavercreek,
Ohio 45431
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Chris Milem appeals from an October 8, 2013 order of the trial court overruling his motion to vacate that part of his sentence constituting a one-year sentence for a post-release control violation.   His assigned counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he can find no potential assignments of error having arguable merit.   Neither can we. Accordingly, the order of the trial court is Affirmed.

## I.   The Course of Proceedings

{¶ 2}    In May 2011, while on post-release control as a result of a prior felony conviction, Milem was charged by indictment with two counts of Aggravated Vehicular Assault, in violation of R.C. 2903.08(A)(1)(a); two counts of Vehicular Assault, in violation of R.C. 2903.08(A)(2)(b); and one count of Operating a Vehicle While Under the Influence of Alcohol or Drugs, in violation of R.C. 4511.19(A)(1)(a).   In December, 2011, Milem pled guilty to one count of Vehicular Assault and to the count of OVI; the other charges were dismissed.

{¶ 3}    Milem was sentenced to 17 months in prison for Vehicular Assault, and to one year in prison for the post-release control violation, to be served consecutively.   He was also sentenced to six months in prison for OVI, to be served concurrently with the other sentences.

{¶ 4}    In April, 2013, Milem moved to vacate the one-year sentence for the post-release control violation.   The trial court denied that motion by entry dated October 8, 2013.   Milem filed this appeal from that order untimely on November 26, 2013, but we

granted his motion for delayed appeal, by entry dated January 13, 2014.

{¶ 5}     Milem's appellate counsel has filed an *Anders* brief, indicating that he can find no potential assignments of error having arguable merit.   By entry dated September 5, 2014, we afforded Milem 60 days within which to file his own, pro se brief.   He has not done so.

## II.   Milem's Motion to Vacate his One-year Sentence for
## Violating Post-Release Control Was Properly Overruled

{¶ 6}     In support of his motion to vacate his one-year sentence for violating post-release control, Milem argued that the imposition of post-release control as part of his prior felony sentence was void, because the sentencing entry did not inform him of the consequences of violating post-release control.   In its memorandum contra, the State asserted that "the relevant portion of [the sentencing entry in the prior case] reads:

> The Court has informed defendant that post release control is mandatory in this case for three years, as well as the consequences for violating conditions of post release control imposed by the Parole Board.   Defendant is ordered to serve, as part of this sentence, any such term of post release control and any prison term for violation of that post release control.

{¶ 7}     Although the sentencing entry in the prior case is not part of our record in this appeal, Milem did not, in the trial court, dispute the State's quotation from that entry, nor does he dispute it here.   Therefore, we will assume the above quotation to be correct.

{¶ 8}     We do have in our record a transcript of the plea and sentencing hearing in the

prior felony case. The plea was taken, and the sentence thereafter imposed, in a single hearing. During the sentencing hearing, the trial court advised Milem as follows:

Upon being released from prison after serving the time given him by the Court, the Parole Authority will be required to place the Defendant on three years of post-release control. While on post-release control, if he violates any rule of the Parole Authority, other sanctions can be imposed as conditions of the post-release control. For some violations, those sanctions can include going back to prison for up to one half the time given him by the Court, in this case two and a half years, but not to exceed more than nine months on any one violation.

*If the Defendant commits a felony while on post-release control, he could go back to prison for at least one year* and up to the amount of time remaining on the post-release control if it's greater than a year; and that time must be served consecutive to any sentence on the new felony. (Emphasis added.)

**{¶ 9}** We find no fault with the trial court's advice to Milem concerning the consequences of his violating the terms of his post-release control. In fact, the precise consequence with which he was faced in the case before us – a consecutive one-year sentence – was expressly communicated to him in the italicized passage quoted above.

**{¶ 10}** In *State v. Clark*, 2d Dist. Clark No. 2012 CA 16, 2013-Ohio-299, ¶ 11, we held:

[A] judgment entry need not be corrected to include the specific consequences for violating post-release control conditions, if the trial court imposes a lawful sentence of post-release control, properly notifies the defendant regarding post-release control and the specific consequences of a violation during the sentencing hearing, and the sentencing entry contains notification regarding the fact that post-release control is being imposed and that a

prison term could be ordered for any violation.

{¶ 11}   In the case before us, the trial court had imposed a lawful sentence of post-release control, and had notified Milem, at that sentencing hearing, of the imposition of post-release control and the specific consequences of a violation.  Finally, the sentencing entry contained a notification that post-release control was being imposed, and a specific reference to "any prison term for violation of that post-release control."   Under *Clark*, that is sufficient.

{¶ 12}   We find no potential assignments of error having arguable merit relating to the order of the trial court, from which this appeal is taken, overruling Milem's motion to vacate the post-release control violation sentence.

### III.   Conclusion

{¶ 13}   Because, after conducting our *Anders* duty of independent review, we have found no potential assignments of error having arguable merit, the order of the trial court from which this appeal is taken is *Affirmed.*

. . . . . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, P.J., concurring:

{¶ 14}    Since the Appellant acknowledged at the time of his plea in <u>this</u> case that he was on post-release control and that "there would be at least one year added to [his] 18-month sentence in this case," I concur that there are no potential assignments of error having arguable merit.

. . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Thomas M. Kollin
Chris Milem
Hon. Richard J. O'Neill