[Cite as *State v. Moore*, 2015-Ohio-3435.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JARYD W. MOORE | : | Case No. CT2015-0027 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. CR2013-0224



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                August 20, 2015



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GERALD V. ANDERSON II                     KRISTOPHER A. HAINES
27 North Fifth Street                     250 East Broad Street
P.O. Box 189                              Suite 1400
Zanesville, OH  43702-0189                Columbus, OH  43215

*Farmer, J.*

{¶1} On August 25, 2012, appellant, Jaryd Moore, was sentenced by the Court of Common Pleas of Muskingum County, Ohio, to eighteen months in prison after being convicted on one count of gross sexual imposition in violation of R.C. 2907.05 (Case No. CR2012-0022). Appellant was classified as a Tier I sex offender. Appellant served his sentence and was released on July 21, 2013. He was placed on post-release control for five years.

{¶2} On October 9, 2013, the Muskingum County Grand Jury indicted appellant on one count of failure to register his address change as a sex offender in violation of R.C. 2950.05. On December 9, 2013, appellant pled guilty as charged. By entry filed January 17, 2014, the trial court sentenced appellant to eight months in prison, terminated his post-release control, and ordered him to serve the remainder of his post-release control in prison, over four years, consecutive to the eight month sentence. A nunc pro tunc entry was filed on February 7, 2014 to correct a typographical error.

{¶3} On April 16, 2015, appellant filed a motion to vacate judicial-sanction sentence, claiming post-release control was not properly imposed in Case No. CR2012-0022 and therefore, he could not be given a "judicial-sanction sentence for violating void postrelease control." By journal entry filed April 20, 2015, the trial court denied the motion.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED MR. MOORE'S MOTION TO VACATE HIS VOID JUDICIAL-SANCTION SENTENCE."

{¶6}   Preliminarily, we note this case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part the following:

**(E) Determination and judgment on appeal**

The appeal will be determined as provided by App. R. 11.1.  It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶7}   One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158 (10th Dist.1983).

{¶8}   This appeal shall be considered in accordance with the aforementioned rules.

I

{¶9} Appellant claims the trial court erred in denying his motion to vacate judicial-sanction sentence. We disagree.

{¶10} Appellant argues because post-release control was not properly imposed in Case No. CR2012-0022, and he has already served his sentence in the case, he could not be given a "judicial-sanction sentence for violating void postrelease control" in the case sub judice.

{¶11} Appellant does not contest the imposition of post-release control during the sentencing *hearing* in Case No. CR2012-0022, and did not file a transcript of the hearing for our review. Therefore, we presume the regularity of that hearing. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197 (1980). Appellant contests the sentencing *entry,* claiming the trial court erred in failing to notify him of the possible consequences of violating his post-release control pursuant to R.C. 2929.19(B)(2)(e), specifically, that "the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."

{¶12} The subject sentencing entry filed on April 25, 2012 in Case No. CR2012-0022 included the following notification regarding post-release control:

> *The Court further notified the defendant that* **"Post Release Control"** is **mandatory** in this case **for five (05) years,** as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code §2967.28. The defendant is

ordered to serve as part of this sentence any term for violation of that post-release control.

{¶13} We find the language in this sentencing entry, that the trial court notified appellant of "the consequences for violating conditions of post release control imposed by the Parole Board," coupled with the presumption of regularity regarding the oral notification during the sentencing hearing, to be sufficient to give appellant notice of the post-release control sanction. *See State v. Ball,* 5th Dist. Licking No. 13-CA-17, 2013-Ohio-3443; *State v. Clark,* 2nd Dist. Clark No. 2012-CA-16, 2013-Ohio-299; *State v. Milem,* 2nd Dist. Clark No. 2013-CA-103, 2014-Ohio-5804.

{¶14} Upon review, we find the trial court did not err in denying appellant's motion to vacate judicial-sanction sentence.

{¶15} The sole assignment of error is denied.

{¶16} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 7/23