[Cite as *State v. Murphy*, 2015-Ohio-3598.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2015-0023 |
| | : | |
| JOHN MURPHY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2013-0261


JUDGMENT:      REVERSED


DATE OF JUDGMENT ENTRY:      September 1, 2015


APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

D. MICHAEL HADDOX      STEPHEN P. HARWICK
MUSKINGUM COUNTY PROSECUTOR      250 East Broad St., Suite 140
     Columbus, OH 43215

GERALD V. ANDERSON II
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Defendant-Appellant John Murphy appeals the April 14, 2015 judgment entry of the Muskingum County Court of Common Pleas denying his motion to vacate post-release control. Plaintiff-Appellee is the State of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} On February 22, 2010, Defendant-Appellant John Murphy pleaded guilty to two counts of gross sexual imposition, fourth-degree felonies in violation of R.C. 2907.02(A)(1). *State v. Murphy*, Case No. CR2010-0019. The trial court sentenced Murphy to 18 months in prison on each count, to be served consecutively for an aggregate prison term of three years. The sentencing entry stated as to post-release control:

> The Court further notified Defendant that "Post Release Control" is
>
> mandatory in this case for five (5) years as well as the consequences for
>
> violating conditions of post release control imposed by Parole Board under
>
> Revised Code §2967.28. The Defendant is ordered to serve as part of this
>
> sentence any term for violation of that post release control.

{¶3} Murphy completed his prison sentence and was released on July 11, 2012. He was placed on five years of post-release control.

{¶4} On November 27, 2013, Murphy entered a plea of guilty to one count of failure to register (address change), a fourth-degree felony in violation of R.C. 2950.05(A). *State v. Murphy*, Case No. CR2013-0261. The trial court held a sentencing hearing on January 13, 2014 and issued its sentencing entry on January 16, 2014. The trial court sentenced Murphy to a prison term of eight months for the violation of R.C.

2950.05(A). The trial court further found that Murphy was on post-release control at the time of the commission of the offense. Pursuant to R.C. 2929.141, the trial court terminated Murphy's period of post-release control and ordered Murphy to serve the remainder of the post-release control. The sentence was to be served consecutively to the eight months.

{¶5}   Murphy completed his eight-month prison term in September 2014.

{¶6}   On April 6, 2015, Murphy filed a motion to vacate post-release control. Murphy argued the post-release control imposed in the February 22, 2010 sentencing entry was void because the trial court failed to set forth the penalties for violating post-release control. The trial court denied the motion on April 14, 2015.

{¶7}   It is from this judgment entry Murphy now appeals.

**ASSIGNMENT OF ERROR**

{¶8}   Murphy raises one Assignment of Error:

{¶9}   "THE TRIAL COURT ERRED BY DENYING MR. MURPHY'S MOTION TO VACATE POSTRELEASE CONTROL. JOURNAL ENTRY (APRIL 14, 2015); R.C. 2929.19."

**ANALYSIS**

{¶10} Murphy argues in his sole Assignment of Error that based on our decision in *State v. Richard-Bey*, 5th Dist. Muskingum Nos. CT2014-0012, CT2014-0013, 2014-Ohio-2923, the trial court erred in denying his motion to vacate post-release control. We agree.

{¶11} In *State v. Richard-Bey*, the trial court sentenced appellant to eight years in prison on July 16, 2004. The trial court notified the appellant of mandatory post-

release control for up to five years. *Id.* at ¶ 1. The appellant was resentenced on August 30, 2010 to address the sole issue of post-release control pursuant to *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254. The trial court sentenced the appellant to an aggregate term of eight years in prison and notified him of mandatory post-release control for five years. The sentencing entry was silent, however, as to the consequences of violating post-release control. *Id.* at ¶ 17. The trial court did not inform the appellant "that if he violated his supervision or a condition of postrelease control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed" pursuant to R.C. 2929.19(B)(3)(e) [now R.C. 2929.19(B)(2)(e)]. *Id.*

{¶12} The appellant appealed the 2010 sentencing entry and we affirmed the entry in *State v. Richard-Bey*, 5th Dist. Muskingum No. CT2010-Ohio-0051, 2011-Ohio-3676.

{¶13} On April 29, 2013, the appellant pleaded guilty to one count of having a weapon while under disability in violation of R.C. 2923.13. *Id.* at ¶ 3. By sentencing entry filed May 21, 2013, the trial court sentenced the appellant to 30 months. The trial court also terminated the appellant's post-release control in the 2004 case and ordered the remaining time be imposed and served consecutively to the 30-month sentence. *Id.*

{¶14} The appellant filed a petition for post-conviction relief in both the 2004 and 2013 cases, seeking relief from sentencing. *Id.* at ¶ 4. The appellant also filed a motion for vacation of void post-release control violation in the 2013 case, claiming the balance of his post-release control imposed in that case was an error because it was a nullity in the 2004 case. The trial court denied the petition and motion and the appellant filed a pro se appeal. *Id.*

{¶15} On appeal, the appellant argued the trial court lacked jurisdiction to impose the remainder of his void post release control sanction. We agreed. We stated:

The 2004 sentencing entry in Case No.CR2004–119A was corrected on August 30, 2010 to address the sole issue of post-release control pursuant to *State v. Bloomer,* 122 Ohio St.3d 200, 2009–Ohio–2462. The entry was filed on September 7, 2010. The entry notified appellant that post-release control was mandatory *for* five years. However, the entry was silent as to the consequences of violating post-release control. Appellant was not "informed that if he violated his supervision or a condition of postrelease control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed" pursuant to R.C. 2929.19(B)(3)(e) [now R.C. 2929.19(B)(2)(e) ]. *State v. Ketterer,* 126 Ohio St.3d 448, 2010–Ohio–3831, ¶ 77 (reviewing a nunc pro tunc entry) (decided five days before appellant's resentencing). "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, paragraph one of the syllabus. *See also, State v. Billiter,* 134 Ohio St.3d 103, 2012–Ohio–5144.

*State v. Richard-Bey*, 2014-Ohio-2923, ¶ 17.

{¶16} The appellant had finished serving his sentence in the 2004 case. "Because the trial court did not properly impose post-release control in its September 7, 2010 entry, the trial court cannot terminate appellant's post-release control in Case No.

CR2004–119A and order the remaining time be imposed and served consecutively to the thirty month sentence in Case No. CR2013–0037." *State v. Richard-Bey*, 2014-Ohio-2923, ¶ 18. We found the trial court erred in denying the appellant's motion for vacation of void post-release control violation. *Id*. at ¶ 19.

{¶17} We find *Richard-Bey* to be directly on point to the facts of the present case. In the present case, the trial court did not inform Murphy in the February 22, 2010 sentencing entry that if he violated his supervision or a condition of post-release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed pursuant to R.C. 2929.19(B)(2)(e). The February 22, 2010 sentence in Case No. CR2010-0019 does not include a statutorily mandated term of post-release control and is void. The trial court cannot terminate Murphy's post-release control in CR2010-0019 and order the remaining time be imposed and served consecutively to the eight month sentence in Case No. CR2013-0261.

{¶18} Based on this Court's decision in *Richard-Bey*, we find the trial court erred in denying Murphy's motion to vacate post-release control. Murphy's sole Assignment of Error is sustained.

**CONCLUSION**

{¶19} The only portion of the January 16, 2014 sentencing entry dealing with the imposition of the remaining time of post-release control from Case No. CR2010-0019 is reversed. The rest of the sentence in Case No. CR2013-0261 is left intact.

{¶20} The judgment of the Muskingum County Court of Common Pleas is reversed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.