[Cite as *State v. Coles*, 2015-Ohio-4159.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 15CAA010001 |
| | : | |
| ESHAWN M. COLES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, Case No.
14CRI040158

JUDGMENT:                              AFFIRMED

DATE OF JUDGMENT ENTRY:       October 2, 2015

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

CAROL HAMILTON O'BRIEN            CHRISTOPHER J. BURCHINAL
DELAWARE CO. PROSECUTOR          P.O. Box 412
BRIAN J. WALTER                        Delaware, OH 43015
140 North Sandusky St.
Delaware, OH 43015

*Delaney, J.*

{¶1} Appellant Eshawn M. Coles appeals from the October 28, 2014 "Withdrawal of Former Pleas of Not Guilty to Indictment, Written Pleas of 'No Contest' to the Indictment and Judgment Entry on 'No Contest' Pleas of the Delaware County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal conviction is not necessary to our resolution of this appeal.

{¶3} Appellant was charged by indictment with one count of trafficking in cocaine pursuant to R.C. 2925.03(A)(2), a felony of the first degree [Count I], and one count of possession of cocaine pursuant to R.C. 2925.11(A), also a felony of the first degree [Count II]. Appellant entered pleas of not guilty and filed a motion to suppress evidence obtained as a result of his traffic stop and arrest. Appellee filed a response in opposition to the motion to suppress and a hearing was held on July 9, 2014. On July 28, 2014, the trial court overruled the motion to suppress by judgment entry.

{¶4} On October 28, 2014, appellant withdrew his pleas of not guilty and entered pleas of no contest to Counts I and II. The counts merged for sentencing purposes and appellee elected to sentence on Count I. On December 8, 2014, appellant was sentenced to a prison term of four years on Count I. At sentencing, defense trial counsel stated the following in pertinent part:

> * * * *. And the reason there was a no contest plea was just
>
> to preserve his appellate rights.

His former counsel had litigated a motion to suppress. I reviewed it. Had I been involved in the case earlier on, and I talked to [appellant] about this, he would have followed my advice and entered a plea, accepted [appellee's] offer which I understand would have possibly got this down to the two-year mark.

He was under the mistaken understanding from his counsel that since [appellee] made that offer irrespective of the outcome of the suppression hearing, [appellee] could not pull that offer off the table.

I explained to him that's not the law, that's not the case and would not expect it to have the same offer after litigating the motion to suppress.

* * * *.

(T. 7-8).

{¶5} Appellant now appeals from the judgment entry of his conviction and sentence.

{¶6} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶7} "APPELLANT ESHAWN M. COLES WAS GIVEN INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS WHEN HE WAS NOT FULLY ADVISED OF THE CONDITIONS OF A PLEA OFFER MADE TO HIM."

**ANALYSIS**

{¶8} In his sole assignment of error, appellant argues he received ineffective assistance of defense trial counsel because he was not advised appellee's offer would be rescinded if he proceeded with the suppression hearing. Because appellant's argument is supported by facts outside the record, we disagree and overrule his assignment of error.

{¶9} Appellant claims that prior to the suppression hearing, appellee made a plea offer of a 2-year prison term. Appellant did not understand this offer would be rescinded if the hearing took place and his original trial counsel failed to explain the provisional nature of the offer. Appellant argues, therefore, "[b]y not fully advising [appellant] of his options, trial counsel permitted [appellant] to mistakenly believe that there were no consequences to conducting a suppression hearing." (Brief, 5). The suppression hearing proceeded; the motion was overruled; and appellant was ultimately sentenced to a 4-year prison term. Therefore, he concludes, counsel was ineffective.

{¶10} The record does not support appellant's argument. He cites to the conclusory statement of his replacement trial counsel at sentencing but this statement does not establish the circumstances surrounding appellant's decision to enter the pleas of no contest. Instead, appellant relies upon facts outside the record.

{¶11} A claim requiring proof that exists outside of the trial record cannot appropriately be considered on a direct appeal. *State v. Hartman,* 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001) (if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal). We conclude appellant's argument is more appropriate for review in post-

conviction proceedings than on direct appeal because the facts in support are outside the record before us.  See, *State v. Lambert*, 5th Dist. Richland No. 97-CA-34-2, 1999 WL 173966, *2 (Feb. 17, 1999); *State v. Hamlett*, 5th Dist. Richland No. 03 CA 34, 2004-Ohio-38, ¶ 11; *State v. Lawless,* 5th Dist. Muskingum No. CT2000-0037, 2002-Ohio-3686, 2002 WL 1585846, *7, citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983).  Postconviction relief, rather than a direct appeal, is a means by which a defendant may bring claims of constitutional violations based upon matters outside the record. *State v. Kreischer*, 5th Dist. Perry No. 01-CA-04, 2002-Ohio-357, 2002 WL 106683, *3, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs four and nine of the syllabus.

{¶12} Appellant's sole assignment of error is therefore overruled.

## CONCLUSION

{¶13} Appellant's sole assignment of error is overruled and the judgment of the Delaware County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.