[Cite as *State v. Moore*, 2015-Ohio-5514.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2015-0028 |
| ROBERT E. MOORE | |
| | |
| Defendant-Appellant | O P I N I O N |



CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                              Pleas, Case No.  CR2013-0229


JUDGMENT:                     Reversed


DATE OF JUDGMENT ENTRY:       December 28, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                         FRANCISCO E. LUTTECKE
PROSECUTING ATTORNEY                      250 East Broad Street
GERALD V. ANDERSON II                     Suite 1400
ASSISTANT PROSECUTOR                      Columbus, Ohio  43215
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43702-0189

*Wise, J.*

**{¶1}** Appellant Robert E. Moore appeals from the decision of the Court of Common Pleas, Muskingum County, which denied his motion to vacate a sentence imposed for violating post-release control ("PRC") stemming from an earlier conviction. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}** On June 1, 2001, in Muskingum County Court of Common Pleas case number CR2000-0113, the trial court sentenced Appellant Moore to a thirteen-year aggregate prison term for felony offenses of rape, kidnapping, and felonious assault.

**{¶3}** The 2001 sentencing entry contained the following language:

**{¶4}** "The Court further notified the Defendant that "Post Release Control" is **mandatory** in this case up to a maximum of five (05) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code §2967.28. The Defendant is ordered to serve as part of this sentence any term for violation of that post release control."

**{¶5}** (Emphasis in original.) *Id.*

**{¶6}** On April 2, 2010, in order to correct the above post-release control portion of the sentence, the trial court resentenced appellant. The resentencing entry replaced the phrase "up to a maximum of" with the word "for" in order to clarify that post-release control was mandatory rather than discretionary. However, the "consequences" language remained unchanged.

**{¶7}** Appellant completed his prison sentence and was released on June 12, 2013. DRC documentation states he was placed on post-release control for five years at that time.

{¶8} On November 25, 2013, in a subsequent prosecution, Muskingum County Court of Common Pleas case number CR2013-0229, the trial court sentenced Appellant Moore to nine months in prison for failure to register a sexual offender change of address. The court also imposed "the remainder of his post-release control," i.e., a four-and-a-half year judicial-sanction sentence because appellant was on post-release control when the new felony was committed. This four-and-a-half year sentence was ordered to be served consecutively to the aforesaid nine-month sentence.

{¶9} Appellant completed the nine-month prison term approximately in July 2014. As of the time of this appeal, appellant is reportedly serving time for his judicial-sanction sentence.

{¶10} On April 13, 2015, appellant filed a motion in the trial court to vacate the 2013 judicial sanction sentence in CR2013-0229. Appellee filed a memorandum in response on the same day.

{¶11} Via judgment entry filed April 20, 2015, the trial court denied appellant's motion.

{¶12} On May 20, 2015, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶13} "I. THE TRIAL COURT ERRED BY DENYING MR. MOORE'S MOTION TO VACATE HIS VOID JUDICIAL-SANCTION SENTENCE."

I.

{¶14} In his sole Assignment of Error, appellant contends the trial court erred in denying his motion to vacate the four-and-one-half-year portion of his 2013 sentence,

which had been imposed as a judicial sanction for violating his 2001/2010 post-release control requirements. We agree.

{¶15}  In *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, the Ohio Supreme Court held in pertinent part that "[a] sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.,* at paragraph one of the syllabus. *See*, *also*, *State v. Jordan,* 104 Ohio St.3d 21, 2004–Ohio–6085. In light of this voidness doctrine, where a prior sentence does not include a statutorily mandated term of post-release control in the sentencing entry, the trial court cannot order the remaining PRC time imposed upon a new violation and sentence. *See State v. Murphy*, 5th Dist. Muskingum No. CT2013–0028, 2014-Ohio-323, ¶ 7.

{¶16}  In the case *sub judice*, the trial court did not inform appellant via sentencing entry, either in 2001 or as part of his resentencing in 2010, that if he violated his supervision or a condition of post-release control, the parole board could impose a maximum prison term "of up to one-half of the stated prison term originally imposed" pursuant to R.C. 2929.19(B)(3)(e) [now R.C. 2929.19(B)(2)(e)]. Instead, the trial court in the 2001 sentencing entry simply referenced R.C. 2967.28 and stated that appellant was ordered to serve "*** any term for violation of [his] post release control." This language was not altered in the 2010 resentencing entry. We note the Ohio Supreme Court, in *State v. Ketterer,* 126 Ohio St.3d 448, 2010–Ohio–3831, stated that the judgment entry language "[t]he defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and *any prison term* for violation of that

post release control" was not a proper notification of post-release control. *See id.* at ¶ 77–79 (emphasis in original). In addition, the mere reference to the post-release control statute, R.C. 2967.28, in the sentencing entry is not adequate notice of the consequences of violating post-release control. *See State v. Elliott,* 8th Dist. Cuyahoga No. 100404, 2014–Ohio–2062.

**{¶17}** Accordingly, we find the trial court, via its April 20, 2015 judgment entry, erred in denying appellant's motion to vacate his judicial sanction sentence. *Accord State v. Richard–Bey*, 5th Dist. App.Nos. CT2014–0012, CT2014–0013, 2014–Ohio–2923, ¶ 18.[1]

**{¶18}** Appellant's sole Assignment of Error is sustained.

**{¶19}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed.

By: Wise, J.

Hoffman, P. J., concurs.

Farmer, J., dissents.

JWW/d 1113

---

[1]   As such, we decline to adhere to this Court's 2013 decision, *State v. Ball*, 5th Dist. Licking No. 13-CA-17, 2013-Ohio-3443.

*Farmer, J., dissents*

{¶20}  I respectfully dissent from the majority's view on the authority of this court's opinion in *State v. Jaryd Moore,* Muskingum No. CT2015-0027, 2015-Ohio-3435.