[Cite as *State v. Hendricks*, 2017-Ohio-259.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2016-0010 |
| | : | |
| CHRISTOPHER HENDRICKS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
Court of Common Pleas, Case No. CR
2015-0161

JUDGMENT:    AFFIRMED IN PART, REVERSED IN
PART, AND REMANDED FOR
RESENTENCING

DATE OF JUDGMENT ENTRY:    January 18, 2017

APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

D. MICHAEL HADDOX                    RICHARD L. CROSBY IIII
MUSKINGUM CO. PROSECUTOR      RENDIGS, FRY, KIELY & DENNIS LLP
GERALD V. ANDERSON II               600 Vine Street, Ste. 2650
27 North Fifth St., P.O. Box 189       Cincinnati, OH 45202
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Appellant Christopher Hendricks appeals from the January 13, 2016 Entry of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose when appellant and co-defendant Randall Cremeans entered a house shared by Brent Mayle and Tameka Alexander.[1]  The defendants sought Mayle and items of appellant's that had allegedly been stolen.  Present were Alexander, several adult friends, and her two minor children.  The two defendants drew firearms and threatened Alexander into calling Mayle and telling him to come home.  Appellant put his gun to Alexander's pregnant stomach and to her two minor children to convince her to reveal Mayle's whereabouts.  Appellant threatened Mayle that if he didn't come home, he would find "seven stinking bodies."  The adult witnesses were tied up and their cell phones seized.  Appellant wanted to take the victims with them as they left the scene, but Cremeans told him there wasn't enough room and suggested they take the victims' I.D.s instead to identify "snitches" later.

{¶3}   Appellant was charged by indictment as follows:  Count I, aggravated burglary pursuant to R.C. 2911.11(A)(2), a felony of the first degree; Counts II through V, kidnapping pursuant to R.C. 2905.01(A)(2), all felonies of the first degree; Counts VI through VIII, kidnapping pursuant to R.C. 2905.01(A)(3), all felonies of the first degree; Counts IX through XIII, aggravated robbery pursuant to R.C. 2911.01(A)(1), all felonies of the first degree; and Count XIV, having weapons while under disability pursuant to R.C.

---

[1] The co-defendant's direct appeal from his convictions and sentence is *State v. Cremeans*, 5th Dist. Muskingum No. CT2015–0062, 2016-Ohio-7930.

2923.13(A)(2), a felony of the third degree.  Counts I through XIII are accompanied by firearm specifications pursuant to R.C. 2941.145.

{¶4}   Appellant entered pleas of not guilty and moved for a change of venue.  The motion was later withdrawn.

{¶5}   On November 16, 2015, appellant appeared before the trial court and changed his pleas of not guilty to ones of guilty as charged in the indictment.  The trial court deferred sentencing pending a pre-sentence investigation.  On January 12, 2016, appellant was sentenced to an aggregate prison term of 30 years.

{¶6}   Appellant now appeals from the trial court's sentencing entry of January 13, 2016.

{¶7}   Appellant raises six assignments of error:

**ASSIGNMENTS OF ERROR**

{¶8}   "I.   THE SENTENCE IS DISPROPORTIONATE/INCONSISTENT CONTRARY TO R.C. 2929.11(B)."

{¶9}   "II.   APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HIS ATTORNEY FAILED TO FILE A MOTION TO SUPPRESS THE ALLEGED VICTIM'S IDENTIFICATION AS THE STATE CLEARLY VIOLATED THE MINIMUM REQUIREMENTS OF A PHOTO IDENTIFICATION SET FORTH IN R.C. 2933.03.

{¶10} "III.   APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN

HIS ATTORNEY FAILED TO ADVISE HIM OF THE MINIMUM AND MAXIMUM PENALTIES HE FACED UPON PLEADING GUILTY."

{¶11} "IV.   THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS AND CRIM.R. 11 BY FAILING TO ENSURE THAT HE UNDERSTOOD THE MAXIMUM PENALTIES HE FACED UPON PLEADING GUILTY."

{¶12} "V.   APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT PROPERLY ADVISE DEFENDANT CONCERNING COMPULSORY PROCESS."

{¶13} "VI.   APPELLANT'S SENTENCE SHOULD BE VOIDED AS THE COURT FAILED TO INCLUDE THE DETAILS OF POST RELEASE CONTROL INTO THE SENTENCING ENTRY AS REQUIRED BY R.C. 2929.19(B)(3)."

## ANALYSIS

### I.

{¶14} In his first assignment of error, appellant argues his sentence is disproportionate when compared to that of his co-defendant.  We disagree.

{¶15} Appellant summarily argues his sentence is disproportionate to the severity of his conduct when compared with the conduct of Cremeans.[2]  We note both defendants claimed the other was more culpable; in the instant case, despite appellant's disavowals of terrorizing the victims, he pled guilty to the offenses.  Appellee's recitation of the facts established appellant was at least as culpable as Cremeans. A felony sentence should

---

[2] Appellant's co-defendant also received an aggregate term of 30 years following his convictions after trial by jury.  *Cremeans*, supra, 2016-Ohio-7930, ¶ 29.

be proportionate to the severity of the offense committed so as not to "shock the sense of justice in the community." *State v. Chaffin,* 30 Ohio St.2d 13, 17, 282 N.E.2d 46 (1972); R.C. 2929.11(B). A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *." *State v. Ewert,* 5th Dist. Muskingum No. CT2012–0002, 2012-Ohio-2671, 2012 WL 2196326, ¶ 33, citing *State v. Breeden,* 8th Dist. Cuyahoga No. 84663, 2005-Ohio-510, 2005 WL 315370, ¶ 81.

{¶16} Appellant has not provided any evidence his sentence is constitutionally disproportionate. Instead, he argues no one was harmed and the victims lied. We find the conduct alleged here, combined with appellant's significant criminal record, support the trial court's sentence. We reject appellant's comparison of the instant case with *State v. Moore*, in which one co-defendant pled guilty to three charged offenses and was sentenced to 30 years, when the second co-defendant went to trial, was convicted, and was sentenced to consecutive terms totaling 27 years. 8th Dist. Cuyahoga No. 99788, 2014-Ohio-5135, 24 N.E.3d 1197, cause dismissed*,* 141 Ohio St.3d 1433, 2015-Ohio-168, 23 N.E.3d 1178, and appeal not allowed*,* 142 Ohio St.3d 1475, 2015-Ohio-2104, 31 N.E.3d 654. In *Moore*, the appellate court determined the actions of the former were "more egregious" than the actions of the latter, "so the large disparity in the sentences raise[d] questions for appellate review." Id. at ¶ 9. In the instant case, the record does not support appellant's assertion that he is less culpable than Cremeans.

{¶17} Appellant also ignores a fact significant to the trial court at sentencing: appellant committed these crimes while awaiting sentencing upon a felony conviction of aggravated assault in Franklin County.

{¶18} The trial court also referred to the P.S.I. repeatedly in sentencing appellant but appellant did not include the P.S.I. in the record. In *State v. Untied,* 5th Dist. Muskingum No. CT97–0018, 1998 WL 401768, *8 (Mar. 5, 1998), we noted appellate review contemplates that the entire record be presented and if portions of the transcript necessary to resolve issues are not included, we must presume regularity in the trial court proceedings and affirm. The P.S.I. report could have been submitted under seal for our review. Id. Absent the cited information and considering "the trial court's findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or 'contrary to law.'" *State v. Henderson,* 5th Dist. Stark No. 2004–CA–00215, 2005-Ohio-1644, 2005 WL 774039, ¶ 48, citing *State v. Wallace,* 5th Dist. Delaware No. 03–CA–A–07–043, 2004-Ohio-1694, 2004 WL 670684 and *State v. Mills,* 5th Dist. Ashland No. 03–COA–001, 2003-Ohio-5083, 2003 WL 22208740.

{¶19} Appellant's first assignment of error is overruled.

II., III.

{¶20} Appellant's second and third assignments of error are related and will be considered together.  Appellant argues he was denied effective assistance of trial counsel because counsel should have filed a motion to suppress and failed to advise him of the minimum and maximum penalties.  We disagree.

{¶21} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See,*

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶22} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶23} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶24} First, appellant argues trial counsel was ineffective in failing to file a motion to suppress the photo line-up identification of appellant by the victims, arguing the photo line-up did not comply with R.C. 2933.83. Failure to file a suppression motion does not per se constitute ineffective assistance of counsel. *State v. Boyd,* 5th Dist. Richland No. 12CA23, 2013–Ohio–1333, ¶ 24, citing *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000–Ohio–0448. Counsel can only be found ineffective for failing to file a motion to suppress if, based on the record, the motion would have been granted. *State v. Lavelle,* 5th Dist. No. 07 CA 130, 2008–Ohio–3119, at ¶ 47; *State v. Cheatam,* 5th Dist. No. 06–CA–88,

2007–Ohio–3009, at ¶ 86. Furthermore, "[w]here the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." *State v. Drummond,* 111 Ohio St.3d 14, 41, 2006–Ohio–5084, 854 N.E.2d 1038, quoting *State v. Gibson,* 69 Ohio App.2d 91, 95, 430 N.E.2d 954 (8th Dist.1980). See also, *State v. Suiste,* 5th Dist. No. 2007 CA 00252, 2008–Ohio–5012.

{¶25} To satisfy the prejudice prong of the *Strickland* test, a defendant must additionally demonstrate that there was a reasonable probability that the motion to suppress would have been granted. See, e.g., *State v. Fair,* 2nd Dist. No. 24120, 2011–Ohio–3330, ¶ 27. See also *Kimmelman* at 390–391. Trial counsel's decision not to file a motion to suppress may be a matter of trial strategy, including counsel's reasonable assessment of whether such a motion is likely to succeed and recognition that filing a motion to suppress has risks. *Madrigal,* 87 Ohio St.3d at 389, 721 N.E.2d 52.

{¶26} In the instant case, based on the evidence in the record, appellant cannot show trial counsel's failure to file a motion to suppress any photo line-up constitutes a deficiency. This case was resolved with a guilty plea and the record contains no facts in support of appellant's argument here. We are unable to find any reference in the record to a photo line-up or any suggestion of irregularity, and appellant does not support his argument with reference to the record. App.R. 16(A)(7).

{¶27} We also must presume a properly licensed attorney executes his or her duties in an ethical and competent manner. See *State v. Smith,* 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Under the circumstances presented, we are not inclined to overcome this presumption with the limited information in the appellate record before us.

See, *State v. Sanders*, 5th Dist. Ashland No. 15-COA-33, 2016-Ohio-7204, ---N.E.3d---,
¶ 34.

{¶28} Second, appellant argues he received ineffective assistance of defense trial counsel because he was not "properly advised of the minimum and maximum potential criminal sanctions which could be imposed as a result of his guilty plea." This argument apparently rests upon facts outside the record. Appellant argues he expressed "extreme confusion" at sentencing and infers he was not properly advised of the potential sentences for his convictions. Appellant does not direct us to any evidence of "extreme confusion" in the record, and we note that the trial court advised appellant of the potential minimum and maximum penalties at the change-of-plea hearing. Appellant summarily concludes counsel was ineffective in failing to fully advise him of the consequences of his plea, but the record does not support the argument.

{¶29} His inference of ineffective assistance premised upon counsel's alleged failure to properly advise him relies upon facts outside the record. See, *State v. Coles*, 5th Dist. Delaware No. 15CAA010001, 2015-Ohio-4159. A claim requiring proof that exists outside of the trial record cannot appropriately be considered on a direct appeal. *State v. Hartman,* 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001) (if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal). We conclude appellant's argument is more appropriate for review in post-conviction proceedings than on direct appeal because the facts in support are outside the record before us. See, *State v. Lambert,* 5th Dist. Richland No. 97–CA–34–2, 1999 WL 173966, *2 (Feb. 17, 1999); *State v. Hamlett,* 5th Dist. Richland No. 03 CA 34, 2004–Ohio–38, ¶ 11; *State v. Lawless,* 5th Dist. Muskingum No.

CT2000–0037, 2002–Ohio–3686, 2002 WL 1585846, *7, citing *State v. Cooperrider,* 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983). Post-conviction relief, rather than a direct appeal, is a means by which a defendant may bring claims of constitutional violations based upon matters outside the record. *State v. Kreischer,* 5th Dist. Perry No. 01–CA–04, 2002–Ohio–357, 2002 WL 106683, *3, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs four and nine of the syllabus.

{¶30} Appellant has not demonstrated ineffective assistance of counsel. His second and third assignments of error are overruled.

IV.

{¶31} In his fourth assignment of error, appellant argues the trial court improperly advised him of the maximum potential penalties for his convictions and of the possibility of consecutive sentences. We disagree.

{¶32} Again, appellant points to no evidence in the record in support of his argument that the trial court's advisements were in error or insufficient. Instead, he points to his own statement at sentencing:

> [APPELLANT:] * * * *. I pled guilty because I didn't want to go down for 120 years. That was my understanding, if I took it to trial, I would get 120 years. * * * *.
>
> (T. Sentencing, 8.)

{¶33} Appellant suggests the trial court did not comply with Crim.R. 11(C)(2) in accepting his plea. That section details the trial court's duty in a felony plea hearing to address the defendant personally, to convey certain information to such defendant, and prohibits acceptance of a guilty plea or no contest without performing these duties. *State*

*v. Holmes,* 5th Dist. Fairfield No. 09 CA 70, 2010–Ohio–428, ¶ 10.  Crim.R. 11(C)(2)(a) states the trial court must determine " * * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."  The Rule requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C).  *State v. Dunham,* 5th Dist. No. 2011–CA–121, 2012–Ohio–2957, ¶ 11 citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). In *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, at ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. *State v. Nero*, [56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990)]. The test for prejudice is 'whether the plea would have otherwise been made.' Id*.*

{¶34} Under the substantial-compliance standard, we review the totality of circumstances surrounding appellant's plea and determine whether he subjectively understood the effect of his plea. See, *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–

509, 881 N.E.2d 1224 at ¶ 19–20; *State v. Alexander,* 5th Dist. Stark No. 2012CA00115, 2012–Ohio–4843, appeal not allowed*,* 134 Ohio St.3d 1485, 2013–Ohio–902, 984 N.E.2d 29.

{¶35} In the instant case, our review of the plea hearing reveals the trial court advised appellant of his constitutional rights, the potential penalties for each offense, and the possibility of postrelease control. Further, the trial court inquired as to the voluntariness of appellant's plea of guilty. In short, the trial court complied with Crim.R. 11. Appellant does not suggest what more the trial court should have done to explain the potential penalties. Instead, the record demonstrates the trial court had a meaningful dialogue with appellant, fully apprising him of the rights he was waiving. See, *State v. Tillman,* 6th Dist. Huron No. H–02–004, 2004–Ohio–1967, ¶ 20. The court engaged appellant in a personal inquiry as to whether he understood the plea agreement and its consequences. Appellant was represented throughout the hearing. Nothing in the record indicates that appellant was under the influence of any drug or other substance which would prohibit his understanding of the court's questions. The record indicates that he understood the terms of the agreement and entered an intelligent, knowing and voluntary plea.

{¶36} Moreover, there is no evidence in the record showing that if the court had advised appellant any differently appellant would not have pled guilty and instead would have insisted on going to trial. Thus we find no evidence appellant was prejudiced and he does not point to any such evidence. See, *Sergent,* supra, 2015–Ohio–2603 at ¶ 53.

{¶37} Appellant's fourth assignment of error is found to be without merit. *See, State v. Broyles,* 5th Dist. Ashland No. 14–COA–037, 2015–Ohio–4778, ¶¶ 10–13; *State v. Reed,* 5th Dist. Ashland No. 14–COA–010, 2015–Ohio–3534, ¶ 12.

{¶38} Appellant's fourth assignment of error is overruled.

V.

{¶39} In his fifth assignment of error, appellant argues the trial court improperly advised him of his right to compulsory process.  We disagree.

{¶40} Appellant points to the following statement by the trial court: "You are giving up your right to use the power of this Court to subpoena or compel witnesses to come in to court and testify on your behalf?"  (T. Plea, 16.)  Appellant equates this statement with the trial court's insufficient colloquy in In *State v. Cummings*, 8th Dist. Cuyahoga No. 83759, 2004-Ohio-4470, ¶ 5.  In *Cummings*, the trial court informed a defendant he had "the right to call witnesses to appear on [his] behalf" and he also had "the right to confront and ask questions of witnesses." The appellate court found this explanation insufficient to advise the defendant of the right to compulsory process because "this implied that the defendant could present only witnesses he was able to secure through his own efforts." *State v. Parks*, 8th Dist. Cuyahoga No. 86312, 2006-Ohio-1352, ¶ 16.

{¶41} In the instant case, in the context of the entire colloquy which appellant omits, we find no such implication.  Instead, the trial court adequately advised appellant of his right to compulsory process by explaining the meaning in reasonably intelligible terms, despite the absence of the term "compulsory process."   A trial court must strictly comply with those provisions of Crim. R. 11(C) which relate to the accused's waiver of constitutional rights, including the right to a trial by jury, the right to confront one's

accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. However, strict compliance does not require a rote recitation of the exact language of Crim. R. 11(C). "Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *State v. Tripplet*, 5th Dist. Stark No. 2001CA00061, unreported, 2001 WL 1251636, *2.

{¶42} Appellant's fifth assignment of error is overruled.

VI.

{¶43} In his sixth assignment of error, appellant argues the trial court did not comply with R.C. 2929.19(B)(2) and failed to properly include the details of post-release control in the sentencing entry, therefore his sentences should be voided.[3]  We agree.

{¶44} On the record at the sentencing hearing, the trial court notified appellant of the terms of post-release control and the consequences of violation.  (T. Sentencing, 17-18).  In the sentencing entry, the trial court wrote in pertinent part:

> * * * *.
>
> The Court further notified the Defendant that **"Post Release Control"** is **mandatory** in this case for <u>**five (5) years**</u> as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code 2967.28.  The Defendant is ordered to serve as part of this sentence any term for violation of that post release control.

---

[3] As appellee points out, appellant referenced R.C. 2929.19(B)(3) in his argument but substantively refers to R.C. 2929.19(B)(2).

* * * *.

Entry, January 13, 2016.

{¶45} Appellant contends the trial court failed to properly notify him of the consequences of violating post-release control.

{¶46} In *State v. Richard–Bey*, 5th Dist. Muskingum Nos. CT2014–0012, CT2014–0013, 2014–Ohio–2923, this Court considered similar post-release control language as that used in the present sentencing entry. The trial court in *Richard-Bey* sentenced appellant to eight years in prison on July 16, 2004. The trial court notified the appellant of mandatory post-release control for up to five years. *Id.* at ¶ 1. The appellant was resentenced on August 30, 2010 to address the sole issue of post-release control pursuant to *State v. Bloomer*, 122 Ohio St.3d 200, 2009–Ohio–2462, 909 N.E.2d 1254. The trial court sentenced the appellant to an aggregate term of eight years in prison and notified him of mandatory post-release control for five years. The sentencing entry was silent, however, as to the consequences of violating post-release control. *Id.* at ¶ 17, 909 N.E.2d 1254. The trial court did not inform the appellant "that if he violated his supervision or a condition of post-release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed" pursuant to R.C. 2929.19(B)(3)(e) [now R.C. 2929.19(B)(2)(e)]. *Id.*

{¶47} The appellant appealed the 2010 sentencing entry and we affirmed the entry in *State v. Richard–Bey*, 5th Dist. Muskingum No. CT2010–Ohio–0051, 2011–Ohio–3676.

{¶48} On April 29, 2013, the appellant pleaded guilty to one count of having a weapon while under disability in violation of R.C. 2923.13. *Id.* at ¶ 3. By sentencing entry

filed May 21, 2013, the trial court sentenced the appellant to 30 months. The trial court also terminated the appellant's post-release control in the 2004 case and ordered the remaining time be imposed and served consecutively to the 30–month sentence. *Id.*

{¶49} The appellant filed a petition for post-conviction relief in both the 2004 and 2013 cases, seeking relief from sentencing. *Id.* at ¶ 4. The appellant also filed a motion for vacation of void post-release control violation in the 2013 case, claiming the balance of his post-release control imposed in that case was an error because it was a nullity in the 2004 case. The trial court denied the petition and motion and the appellant filed a pro se appeal. *Id.*

{¶50} On appeal, the appellant argued the trial court lacked jurisdiction to impose the remainder of his void post release control sanction. We agreed. We stated:

> The 2004 sentencing entry in Case No.CR2004–119A was corrected on August 30, 2010 to address the sole issue of post-release control pursuant to *State v. Bloomer*, 122 Ohio St.3d 200, 909 N.E.2d 1254, 2009–Ohio–2462. The entry was filed on September 7, 2010. The entry notified appellant that post-release control was mandatory for five years. However, the entry was silent as to the consequences of violating post-release control. Appellant was not "informed that if he violated his supervision or a condition of post-release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed" pursuant to R.C. 2929.19(B)(3)(e) [now R.C. 2929.19(B)(2)(e) ]. *State v. Ketterer*, 126 Ohio St.3d 448, 935 N.E.2d 9, 2010–Ohio–3831, ¶ 77 (reviewing a nunc pro tunc entry) (decided five days before appellant's

resentencing). "A sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332, 2010–Ohio–6238, paragraph one of the syllabus. *See also, State v. Billiter*, 134 Ohio St.3d 103, 980 N.E.2d 960, 2012–Ohio–5144.

*State v. Richard–Be*y, 2014–Ohio–2923, ¶ 17.

{¶51} The appellant had finished serving his sentence in the 2004 case. "Because the trial court did not properly impose post-release control in its September 7, 2010 entry, the trial court cannot terminate appellant's post-release control in Case No. CR2004–119A and order the remaining time be imposed and served consecutively to the thirty month sentence in Case No. CR2013–0037." *State v. Richard–Bey*, 2014–Ohio–2923, ¶ 18. We found the trial court erred in denying the appellant's motion for vacation of void post-release control violation. *Id.* at ¶ 19.

{¶52} We find *Richard–Bey* to be directly on point to the facts of the present case. In the present case, the trial court did not inform appellant in the January 13, 2016 sentencing entry that if he violated his supervision or a condition of post-release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed pursuant to R.C. 2929.19. The sentencing entry thus does not include a statutorily-mandated term of post-release control and is void. *Accord State v. Kepler*, 5th Dist. Muskingum No. CT2015-0021, 2015-Ohio-3291; *State v. Grimes*, 5th Dist. Muskingum No. CT2015-0026, 2015-Ohio-3497; *State v. Murphy*, 5th Dist. Muskingum No. CT2015-0023, 2015-Ohio-3598; *State v. Moore*, 5th Dist. Muskingum No. CT2015-

0028, 2015-Ohio-5514. *Contra State v. Jaryd Moore*, 5th Dist. Muskingum No. CT2015-
0027, 2015-Ohio-3435.

{¶53} Based on our decision in *Richard–Bey*, we find the trial court's language in the sentencing entry does not adequately comply with R.C. 2929.19 (B)(2).  Appellant's sixth assignment of error is sustained and this matter is remanded for resentencing.

**CONCLUSION**

{¶54} Appellant's assignments of error numbers one through five are overruled. Appellant's sixth assignment of error is sustained.  The judgment of the Muskingum County Court of Common Pleas is affirmed in part and reversed in part and this matter is remanded for further proceedings in accord with this opinion.

By:  Delaney, J. and

Hoffman, J., concur.

Farmer, P.J., dissents.

*Farmer, P.J., dissenting.*

{¶1} I respectfully dissent from the majority's view on the authority of this court's opinion in *State v. Jayrd Moore*, 5th Dist. Muskingum No. CT2015-0027, 2015-Ohio-3435.

_____

HON. SHEILA G. FARMER